# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO: 2:15-CR-44 |
| | ) |
| ROBIN CULP | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motion for early termination of supervised release [R. 37]. In support of her motion, defendant states that because she is on supervised release, she is unable to get and keep employment.

Defendant pleaded guilty to two counts of aiding and abetting bank robbery. She was sentenced on December 1, 2015 to 37 months imprisonment followed by three years of supervised release. Defendant began her term of supervised release on December 29, 2017 and her supervised release is scheduled to expire on December 28, 2020.

Defendant's motion omits a few key details. Her probation officer reports that since being released from prison, in August 2018, defendant failed to mail in monthly report forms, failed to report for drug screens, failed to make monthly restitution payments, and had numerous credit inquiries. In September 2018, defendant continued to conduct credit inquiries and miss monthly restitution payments. A status conference was held with the court on October 15, 2018. Thereafter, in November 2018, it was discovered that defendant had obtained a new line of credit without the permission of her probation officer. In August 2019, the probation officer reported that defendant had

failed to report for drug screens for three consecutive months, and she had not made monthly restitution payments. To date, defendant has paid $1,101.96 restitution, and an outstanding balance of $23,663.04 remains. Defendant has been on supervision for 32 months but has made only 11 restitution payments. The probation officer reports that defendant has done some positive things such as participating in mental health treatment, maintaining a stable residence with her mother, and is working with the Department of Children's Services to regain custody of her son. However, because of the continued compliance problems, the probation officer does not recommend early termination of supervision. The government also opposes early termination [R. 38].

A court may terminate a term of supervised release at any time after the expiration of one year of supervision if, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(e) do not support an early termination of supervised release in this case. Defendant has had numerous compliance issues and she is behind on her restitution payments. The court believes that defendant should remain on supervision until such time as she shows greater compliance with the probation officer's directives. Accordingly, defendant's motion [R. 37] is **DENIED**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**